NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 23 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOHAMED POONJA, Trustee, | No. 13-16196 |
| Plaintiff - Appellee, | D.C. No. 4:12-cv-05905-CW |
| v. | |
| TERI H. NGUYEN, | MEMORANDUM<sup>*</sup> |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Senior District Judge, Presiding

Submitted September 16, 2015<sup>**</sup>
San Francisco, California

Before: CHRISTEN and FRIEDLAND, Circuit Judges and LEMELLE,<sup>***</sup> District
Judge.

Mohamed Poonja, who is the chapter 7 trustee for First Financial Lender,

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Ivan L.R. Lemelle, District Judge for the U.S. District
Court for the Eastern District of Louisiana, sitting by designation.

initiated an adversary proceeding against Teri Nguyen, who is the President and sole shareholder of First Financial. The adversary proceeding sought to recover an allegedly fraudulent transfer. The bankruptcy court, following a trial, entered judgment in favor of Poonja. We affirm.

Even assuming that the district court erred in imposing a sanction, Nguyen was not prejudiced and any error was thus harmless. Poonja's statement of facts, which the bankruptcy court adopted, was substantially similar to those submitted by Nguyen. Moreover, the bankruptcy court's sanction did not affect which exhibits were admitted into evidence. *See Ford v. Alfaro*, 785 F.2d 835, 839-40 (9th Cir. 1986).

Nguyen waived the issue of insolvency by stipulating to that effect on multiple occasions in pretrial filings and in her trial brief. *See CDN Inc. v. Kapes*, 197 F.3d 1256, 1258-59 (9th Cir. 1999).

Because Nguyen conceded the issue of the debtor's insolvency, she could not have suffered any prejudice from admission of Poonja's expert's report even if that report had contained inadmissible hearsay, as the expert report was relevant only to the issue of insolvency.

Finally, the debtor received less than reasonably equivalent value in exchange for the cancelled debt. The debtor was insolvent, so the value of Nguyen's equity interest in the debtor could not have been equivalent to the

transferred property.

**AFFIRMED.**